67 F.3d 972
 314 U.S.App.D.C. 278
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
J.S.G. BOGGS, Appellant
v.
Eljay BOWRON, et al, Appellees.
 No. 95-5100.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 12, 1995.
 
 Before: BUCKLEY, GINSBURG, and TATEL, Circuit Judges.
 
 JUDGMENT
 
 1
 Appellant J.S.G. Boggs appeals from the District Court's entry of summary judgment in the Appellee's favor. Boggs sought a declaratory judgment either that his artwork does not violate 18 U.S.C. Sec. 474, or that, if it does, the statute violates his right to free speech under the First Amendment of the United States Constitution. He also seeks an injunction against further investigation and prosecution.
 
 
 2
 Having considered the record from the United States District Court for the District of Columbia and the briefs and argument of counsel, the panel AFFIRMS the judgment of the District Court, substantially for the reasons set forth at 842 F.Supp. 542 (1993), and for the reasons stated in the attached memorandum opinion
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C. Cir. Rule 41(a)(2). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 In the District Court, Boggs asked for a declaration "that the counterfeiting statutes do not apply to plaintiff's artistic work or, in the alternative, that 18 U.S.C. Secs. 474 and 504 are unconstitutional as applied and on their face." Jt. App. at A19 (Complaint). On appeal, Boggs offers two arguments in support of the first alternative. First, he says that convictions under the fifth and sixth paragraphs of Sec. 474 require proof of fraudulent intent, and that he has none. Convictions under these paragraphs, however, do not require proof of fraudulent intent. Construing the statutes as Boggs suggests would render them duplicative of Secs. 471 and 472 and is required neither by Morissette v. United States, 342 U.S. 246 (1952), nor by United States v. X-Citement Video, Inc., 115 S. Ct. 464 (1994).
 
 
 5
 Second, Boggs says that we must construe the "likeness" requirement in the sixth paragraph of Sec. 474 as identical to the "similitude" requirement in the fifth paragraph, and that the several samples he presented here and to the District Court would not support a jury finding of similitude. We need not reach either of these issues, however, because the most favorable ruling we could make would not give him the relief he has requested, viz. a declaration that the statute does not apply to his work generally and an injunction that would protect him from prosecution for works in the same genre that he might produce in the future, or has already produced but not submitted for review. Jt. App. A18-19 (Complaint). At best, Boggs could obtain a ruling that specific items now extant would not support a finding of similitude. His apparent failure to seek clarification from the District Court as to which pieces that court had determined were adequate to support a conviction, however, and his patent failure to ask this court for piece-by-piece review of all items considered by the District Court -- not only the samples that Boggs submitted, but also the 15 samples submitted by the Government -- confirm that he is not seeking a piecemeal ruling here but only one that would support his request for broad declaratory and injunctive relief.
 
 
 6
 To hold merely that certain examples of Boggs' work would not support his conviction under Sec. 474 would not shelter Boggs from continued Secret Service scrutiny and even prosecution. Perhaps, based upon the few pieces we have seen, the court could craft some standard to guide Boggs and the Service, but Boggs has not asked for such relief -- not here, and not in the District Court -- and we have not had the benefit of argument concerning or record evidence bearing upon how we might best go about the task, let alone whether we ought to do so.
 
 
 7
 Boggs' claim for return of seized property is still pending in the District Court. Boggs v. Bowron, Order of March 28 (D.D.C. 1995) (striking the last two sentences in footnote 20 of the Memorandum Opinion of December 9, 1993). Should the District Court determine that any of the seized items is contraband, that ruling will be reviewable in a subsequent appeal.